**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| FUNIMATION ENTERTAINMENT, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 4:13-cv-329 |
| | § | |
| SC FILMS INTERNATIONAL, INC., | § | |
| MATTHEW JOYNES, and NICHOLAS | § | |
| LYON, | § | |
| *Defendants.* | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATIONS OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On September 13, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiff's Motion for Preliminary Injunction (Dkt. 19) be GRANTED and that Defendant's Motion to Dismiss (Dkt. 12) be DENIED, and that the parties be compelled to arbitration.

The court has made a *de novo* review of the objections raised by Defendant Nicholas Lyon (Dkt. 39) and by Defendant Matthew Joynes and SC Films International, Inc. (Dkt. 40) and is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit as to the ultimate findings of the Magistrate Judge.  The court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this court.

Defendants Lyon, Joynes, and SC Films first object that the court cannot *sua sponte* order the parties to arbitration. In this instance, Plaintiff's claim is solely a petition to compel the

parties to arbitration. There is no other claim before the court. There is no *sua sponte* order at issue—an order compelling arbitration is the only relief sought by Plaintiff.

Defendant Lyon next objects to being compelled to arbitration because there is no arbitration clause in the contracts to which he is a signatory. However, a non-signatory to an agreement can be compelled to arbitrate with a signatory when the non-signatory "knowingly exploits the agreement containing the arbitration clause."[1] Defendant Lyon knowing exploited the agreement containing the arbitration clause in the Bullett LLC Operating Agreement. He assigned his copyright in the film to the Bullett LLC. He also sold his literary rights in the film to Bullett LLC, and he entered into a Directing Services Agreement with Bullett LLC under which he would provide services and be paid.

Defendants further object that Plaintiff has not sufficiently met its burden to obtain a preliminary injunction. Much of Defendants' analysis on this point is misplaced. It is not Plaintiff's burden at this stage to demonstrate a likelihood of success on the merits of the underlying substantive claims that will proceed to arbitration. Plaintiff only has to demonstrate a likelihood of success on the merits of its petition to compel arbitration. Plaintiff met this burden. There is no evidence that would show that the arbitration clause in the Operating Agreement is invalid.  Defendant Joynes argues his signature was improperly affixed to the Operating Agreement and that he actually signed a different version of the Agreement. The only difference between the two agreements is the amount Joynes was to contribute to the film. The arbitration clause is the same in both Agreements, and Defendants did not contend that the arbitration clause itself was invalid or incorrect. The court is persuaded that the parties' arbitration agreement was validly formed, covers the dispute in question, and is enforceable.[2]

---

[1] *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 362 (5th Cir. 2003).
[2] *See Granite Rock Co. v. Int'l Bhd. of Teamsters*, 130 S. Ct. 2846, 2858 (2010).

Finally, Defendants object that there was no bond required by the Report. Defendant has waived this objection. At no point in the briefing or the proceedings did Defendant ask for the court to issue a bond, and Plaintiff specifically requested that the bond be set at zero. Therefore, Defendant's objection to this point has been waived and it cannot be raised for the first time now. Further, "the court may elect to require no security at all."[3] A bond of zero is appropriate in this instance because Plaintiff is merely requesting the court to issue an injunction to maintain the status quo between the parties pending resolution of their dispute in arbitration.

Therefore, Plaintiff's Motion for Preliminary Injunction (Dkt. 19) is **GRANTED** as set forth in the Report and Recommendation of the United States Magistrate Judge (Dkt. 36). Defendants' Motion to Dismiss (Dkt. 12) is **DENIED**.

IT IS SO ORDERED.

**SIGNED this the 24th day of October, 2013.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE

---

[3] *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996).