**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| FUNIMATION ENTERTAINMENT, § | |
| *Plaintiff*, § | |
| § | |
| v. § | Case No. 4:13-cv-329 |
| § | |
| SC FILMS INTERNATIONAL, INC., § | |
| MATTHEW JOYNES, and NICHOLAS § | |
| LYON, § | |
| *Defendants*. § | |

**REPORT AND RECOMMENDATION OF UNITED STATES**
**MAGISTRATE JUDGE**

Now before the Court is Plaintiff's Amended Emergency Motion to Enforce Preliminary Injunction and for Civil Contempt and Request for an Expedited Hearing (Dkt. 47) and Defendant's Response (Dkt. 50). The Court recommends that Plaintiff's Amended Emergency Motion to Enforce Preliminary Injunction and for Civil Contempt (Dkt. 47) be **DENIED** without prejudice to refiling.

**BACKGROUND**

On September 13, 2013, after conducting a hearing, this Court issued a Report and Recommendation (Dkt. 36) recommending that Plaintiff's Motion for Preliminary Injunction (Dkt. 19) be granted and Defendant's Motion to Dismiss (Dkt. 12) be denied, and that the parties be compelled to arbitration as sought by the Plaintiff's Original Petition. Defendants filed objections to the report (Dkts. 39, 40) on September 30, 2013. Plaintiff filed a response to the objections on October 11, 2013 (Dkt. 41). The district court adopted the Report and Recommendation in full on October 24, 2013 (Dkt. 42).

On October 28, 2013, Defendants filed a Motion for Clarification (Dkt. 43), alleging that a dispute has arisen between the parties over whether certain conduct violates the Order. Plaintiff

responded with an Amended Emergency Motion to Enforce Preliminary Injunction (Dkt. 47). The parties filed responses to the respective motions (Dkts. 50, 51). This Court granted Plaintiff's motion for an expedited hearing on its Amended Emergency Motion to Enforce Preliminary Injunction (Dkt. 47) and held a hearing on November 1, 2013. The Court notified the parties in advance that the hearing would address Plaintiff's allegations of civil contempt and any violations or misconduct constituting civil or criminal contempt would be referred to the United States District Judge for hearing, sanctions and punishment. *See* Dkt. 49.

## LEGAL STANDARD

"The movant in a civil contempt proceeding bears the burden of establishing by clear and convincing evidence: (1) that a court order was in effect; (2) that the order required certain conduct by the respondent; and (3) that the respondent failed to comply with the court's order."[1] "After the movant has shown a prima facie case, the respondent can defend against it by showing a present inability to comply with the subpoena or order."[2] "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order."[3] "Civil contempt can serve two different purposes. On one hand, civil contempt is used to enforce, through coerciveness, compliance with a court's order. On the other hand, civil contempt can be used to compensate a party who has suffered unnecessary injuries or costs because of the contemptuous conduct."[4]

---

[1] *Petroleos Mexicanos v. Crawford Enters., Inc.*, 826 F.2d 392, 401 (5th Cir. 1987).
[2] *Id.*
[3] *SEC v. First Fin. Grp. of Tex., Inc..*, 659 F.2d 660, 669 (5th Cir. 1981).
[4] *Petroleos*, 826 F.2d at 400.

ANALYSIS

The Court first notes that Defendants have filed a Motion for Clarification of the district court's order adopting this Court's recommendation and that Defendants have filed a notice of appeal. This Court does not address the merits of the Motion for Clarification. But despite the notice of appeal, the district court retains jurisdiction to enforce its previous order because Defendants have not sought a stay of the injunction or posted a supersedeas bond relative thereto.[5] Because this case has been referred to this Court pursuant to a standing order of the district court,[6] this Court has jurisdiction to hear evidence and argument related to Plaintiff's Motion for Contempt and to make a report and recommendation to the United States District Court presiding over the matter.

Plaintiff alleges that Defendants have violated the preliminary injunction issued by the district court. First, Plaintiff alleges that Defendant Nicholas Lyon is making his own version of "Bullet" in violation of the injunction prohibiting Defendants from making, providing, or distributing a version of the film. Defendants respond that Defendant Lyon has a contractual right to complete a director's cut of the film and that Defendants are unclear whether the preliminary injunction prohibits Defendant Lyon from fulfilling his rights and obligations under the terms of the contracts in dispute. However, during this Court's November 1, 2013 hearing on this matter, and in their filings, Defendants represented to the court that Defendant Lyon has completed his director's cut of the film and that the film had been submitted to and reviewed by Plaintiff without objection.[7] Plaintiff also asserts that Defendants are violating the preliminary

---

[5] *Farmhand, Inc. v. Anel Eng'g Indus., Inc.*, 693 F.2d 1140, 1146 (5th Cir. 1982); *see also* FED. R. APP. P. 8(a)(1)(C) ("A party must ordinarily move first in the district court for . . . an order suspending, modifying, restoring, or granting an injunction while an appeal is pending.").
[6] Referral Order RS-72 Civil Actions Assigned to Judge Richard A. Schell.
[7] *See* Dkt. 50 at 5 (representing that Lyon completed his director's cut and delivered it to FUNimation "thirty days ago").

injunction by planning to screen Defendant Lyon's director's cut of the film at the American Film Market (AFM). Defendants represent to the Court that up until a few days ago, FUNimation and Defendants were working together to screen the film at AFM, but that FUNimation's version of the film was not ready.

Next, Plaintiff alleges that Defendants have resisted participating in the arbitration of this matter and have engaged in dilatory tactics to prevent the arbitration from proceeding. Plaintiff puts forth as evidence to support its assertion Defendants' Motion to Stay filed in the arbitration on October 23, 2013. One of the bases for Defendants' motion to stay was that the district court had not yet ruled on Plaintiff's motion for a preliminary injunction and petition to compel arbitration and therefore the parties had not yet been compelled to arbitrate. The district court issued its order on the preliminary injunction and petition compelling arbitration on October 24, 2013. Consequently, Plaintiff requested that Defendants withdraw their motion to stay the arbitration, and Defendants refused. Defendants responded that Plaintiff can oppose the motion to stay by filing a response to the motion with the arbitrator. Plaintiff also asserts that Defendants' motion to stay the arbitration contains a misrepresentation of the United States District Court for the Central District of California's ruling on FUNimation's motion to dismiss in Defendant Lyon's second-filed litigation. Defendant counters that Plaintiff misrepresented the content of the motion to stay to this Court. The parties were compelled to arbitrate this matter as of October 24, 2013. Therefore, this Court ordered Defendants to withdraw the motion to stay the arbitration, and Defendants complied. *See* Dkt. 54.

Plaintiff further alleges that Defendant Lyon has violated the injunction and order compelling the parties to arbitration by continuing to pursue his second-filed litigation in the United States District Court for the Central District of California. Plaintiff seeks an order holding

Defendants in contempt and for sanctions in the form of reimbursement for the fees Plaintiff has incurred in preparing this motion and any other filings in this action, in the arbitration forum, or in the California action necessary to enforce compliance with the preliminary injunction and order compelling arbitration in this case. The district court's order in this matter did not specifically enjoin Defendant Lyon from continuing to pursue litigation in the United States District Court for the Central District of California, and therefore the Court cannot find that Defendant Lyon is in contempt because he did not dismiss the litigation. However, the Court ordered the Defendants to notify the United States District Court of the Central District of California that Defendants have been compelled to arbitration in this matter, and Defendants complied. *See* Dkt. 55.

Plaintiff also argues that Defendants have interfered with the Operating Agreement by misdirecting funds received from international distribution of the film away from Bullet LLC in violation of the preliminary injunction. Defendants argue that no funds have been received from international distribution and therefore no funds have been misdirected. Plaintiff asks the Court to issue an order "instructing SC Films how to comply with the Operating Agreement."

Determination of the parties' respective rights and responsibilities under the contractual agreements relating to "Bullet" are for the arbitrator to decide in the first instance. Other than the arbitration provision itself, the preliminary injunction and order compelling arbitration did nothing to alter or adjudicate the parties' rights under the Operating Agreement and therefore cannot be used by the Court to "instruct" the parties on how to comply with the Operating Agreement. If there are additional or newly arisen matters that need to be addressed by the district court, the parties can set forth such in a precise motion for relief.

Parties and counsel for both sides dispute the accuracy of the statements they are each alleged to have made and accuse the other side of mischaracterizing the events in question. The Court finds the allegations against all counsel troublesome. The Court is disturbed and dismayed by the conduct of all counsel and parties in this case and by the antics in the pleadings of both sides and finds that the behavior involved approaches the boundary of contemptible conduct. The attorneys are reminded of their ethical obligations of candor to the Court and their obligation to treat each other with professional courtesy. EASTERN DIST. TEX. R. AT-3. Lawyers who decline to adhere to these standards need not practice in this District. The Court will not tolerate unethical conduct. In addition to possible sanctions to the parties and their counsel, any further conduct which the Court finds unprofessional will result in the offending counsel facing referral to disciplinary proceedings as well as referral to the active Article III Judges of this District for a hearing on whether that lawyer should be disbarred from practicing in this District. EASTERN DIST. TEX. R. AT-2. However, given the lapses in judgment on both sides, the Court will give the parties and counsel a chance to live up to their obligations before recommending sanctions.

## RECOMMENDATION

The Court recommends that Plaintiff's Motion Amended Emergency Motion to Enforce Preliminary Injunction and for Civil Contempt (Dkt. 47) be **DENIED** without prejudice to refiling. The district court has ordered all parties to arbitration in this matter and the parties have been instructed to proceed to arbitration immediately and without delay.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.[8]

**SIGNED this 5th day of November, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[8] *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).